# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| PATSY D. BAIN | : | |
| | : | |
| Plaintiff, | : | Case No. |
| | : | |
| v. | : | TRIAL BY JURY |
| | : | DEMANDED |
| | : | |
| LABORATORY CORPORATION OF AMERICA | : | |
| | : | |
| Defendant. | : | |

## COMPLAINT

## THE PARTIES

1. Plaintiff, Patsy D. Bain ("Plaintiff") was at all times relevant to this complaint a resident of Dover, Delaware.

2. Defendant, Laboratory Corporation of America ("Defendant") is a public corporation organized and existing under the laws of the State of Delaware.

## JURISDICTION

3. This Court has jurisdiction based upon the existence of a question arising under the laws of the United States of America. This action arises under Title VII, of the Civil Rights Act of 1954, 42 U.S.C. §2000e, et. seq., as amended by the Civil Rights Act of 1991, §704 of Title VII and the Family and Medical Leave Act of 1993 (FMLA), 29 U.S.C. §§ 2601 et seq. Accordingly, this Court has jurisdiction over the controversy based upon the provisions of 42 U.S.C. §2000e-5(f)(3) as well

as 28 U.S.C. §§1331 and 1334.

## VENUE

4.     The unlawful employment practices alleged herein were committed within the State of Delaware. Accordingly, the venue lies in the United States District Court for the District of Delaware.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

5.     The Plaintiff timely filed a written Charge of Discrimination with the State of Delaware Department of Labor and Equal Employment Opportunity Commission on January 26, 2022. The facts stated in the Charge of Discrimination attached as Exhibit A are incorporated by reference.

6.     The Equal Employment Opportunity Commission issued Plaintiff a "Right to Sue Notice" which was received by Plaintiff on December 22, 2022. *EEOC Right to Sue Notice* attached as Exhibit B.

## FACTS

7.     Patsy D. Bain has been a dedicated employee of Lab Corp since January 20, 2015.

8.     It is well known to both Lab Corp and Bain's supervisors that she is a Caribbean immigrant from Grenada with a hearing disability.

9.     As a result of her hearing disability, Bain speaks louder to overcompensate for her disability.

10. In addition, because of Bain's Caribbean accent, she annunciates louder to ensure patients understand her.

11. These issues were exasperated during COVID as a result of Bain being required to wear a mask over her mouth.

12. Beginning in April 2021, Bain was told by her supervisors Jermeka Brock and Christine Arway that she spoke too loudly.

13. Brock commented to Bain that Caribbean people were "not nice."

14. During this time period, Bain was subjected to a hostile work environment by management and her co-workers who spread lies about her of disrespecting clients as a result of the above issues related to her disability and national origin.

15. In another incident, a LabCorp client, Jeremy from Pizza Time complained about Bain's accent to management.

16. Bain and another employee and Bain were called into the office with Arway for counseling due to their accents.

17. On Thursday, April 29th, 2020, Bain met with Ms. Illiana regarding her performance. Bain complained about the hostile work environment and being scrutinized because of her accent and hearing disability.

18. Bain was ordered to take a class regarding issues related to her accent and hearing disability.

19. On May 6, 2021, Bain sent Lab Corp. a letter formally complaining of discrimination. 5/06/21 *Letter from Bain to Lab Corp Executive Vice President Judith Seltz and Human Resources* attached as Exhibit C is incorporated by reference.

20. Bain never received a response to her May 6, 2021 letter.

21. Bain was never interviewed regarding the complaints of discrimination until months later.

22. After Bain's letter, the hostile work environment continued.

23. As a result of LabCorp's inaction, Bain suffered from anxiety.

24. On January 26, 2022, Bain filed a Charge of Discrimination with the Department of Labor and EEOC. See Ex. A.

25. On June 30, 2022, Bain applied for and was approved for leave pursuant to the Family Medical Leave Act. Bain was diagnosed with hearing loss, work-related anxiety, and chest pain.

26. Bain returned from FMLA on July 9, 2021.

27. On the date of her return, Bain was questioned by Human Resources regarding her complaints of discrimination.

28. Bain was never notified of the results of the investigation

29. On August 3, 2022, Bain was injured while working at LabCorp when a patient fell on top of her injuring her back.

30. Subsequently, Bain filed a Worker's Compensation Claim with LabCorp.

31. After August 3, 2022, Bain could no longer work because of her injury.

32. Bain was cleared to return to work for only "light duty" on November 28, 2022.

33. However Bain's manager, Trinda Bees instructed Bain not to return to work until HR instructed her to do so.

34. On December 9, 2022, Cindy Davis from LabCorp Human Resources called Bain.

35. Bain called Davis back and answered a series of bizarre questions allegedly made by Bain. During the call, Davis instructed Bain to return to work until instructed by HR.

36. On December 28, 2022, Bain was terminated by Lab Corp allegedly for not returning phone calls. However, Bain had just spoken to Davis on December 9, 2022, and was instructed not to return to work. *Bain Call Log* attached as Exhibit D.

## AMERICANS WITH DISABILITIES ACT
## COUNT I: DISABILITY DISCRIMINATION-

37. Plaintiff hereby incorporates by reference all previous paragraphs as though set forth in full herein.

38. Title I of the Americans with Disabilities Act of 1990 (ADA) makes it unlawful for an employer to discriminate against a qualified applicant or employee with a disability.

39. Such acts as described above by the defendants, its agents, and employees, constitute disability discrimination against Plaintiff in violation of the Americans with Disabilities Act.

40. Bain was an employee regarded as having a "hearing disability".

41. Bain's discrimination claim is prefaced on her contention that she was discriminated against because of her hearing disability which ultimately culminated in her termination.

42. As a direct and proximate result of Defendant's unlawful discrimination, by and through its agents and employees, Plaintiff has been injured and has suffered and will continue to suffer pain, humiliation, anxiety, depression, mental anguish, emotional distress, physical manifestation of anxiety and the loss of past and future wages and benefits, emotional distress, and physical manifestation of anxiety.

## COUNT II: TITLE VII: NATIONAL ORIGIN DISCRIMINATION

43. Plaintiff hereby incorporates by reference all previous paragraphs as though set forth in full herein.

44. Such acts as described above by defendants, its agents, and employees, constitute unlawful national origin discrimination against Plaintiff in violation of Title VII, 42 U.S.C. §2000(6), et seq.

45. Bain's discrimination claim is prefaced on her contention that she was Caribbean which ultimately culminated in her termination.

46. As a direct and proximate result of Defendant's unlawful discrimination, by and through its agents and employees, Plaintiff has been injured and has suffered and will continue to suffer pain, humiliation, anxiety, depression, mental anguish, emotional distress, physical manifestation of anxiety and the loss of past and future wages and benefits, emotional distress, and physical manifestation of anxiety.

## COUNT III- TITLE VII RETALIATION

47. Plaintiff hereby incorporates by reference all previous paragraphs as though set forth in full herein.

48. Such acts as described above, including but not limited to Plaintiff's termination, by Defendant, its agents, and employees constitute unlawful retaliation against Plaintiff for participating and making consistent complaints regarding being discriminated against based on her disability and national origin.

49. Plaintiff's protected activities include but are not limited to her May 6, 2021 letter to corporate complaining about disability and national origin

discrimination, participating in a July 9, 2022 interview with HR concerning complaints of discrimination, and filing a Charge of Discrimination with the EEOC and DOL on January 26, 2022.

50. As a direct and proximate result of Defendant's unlawful retaliation, by and through its agents and employees, Plaintiff, Patsy Bain, has been injured and has suffered and will continue to suffer pain, fear, humiliation, anxiety, depression, mental anguish, emotional distress, physical manifestation of anxiety and lost wages and lost benefits.

## COUNT IV: FMLA RETALIATION

51. Plaintiff hereby incorporates by reference all previous paragraphs as though set forth in full herein.

52. The federal Family and Medical Leave Act ("FMLA") provides for "guarantees" that LabCorp cannot discriminate against Bain for taking medical leave.

53. Bain was out on FMLA leave from June 30, 2022, until July 9, 2022, as a result of the hostile work environment suffered at work.

54. Upon returning from FMLA leave, Bain took no actions which would have justified termination.

55. Here, LabCorp willfully violated FMLA rights by terminating her on December 28, 2022.

56. LabCorp will not be able to demonstrate that Bain would have been terminated despite having taken FMLA-qualified leave.

57. The adverse employment decision was causally related to his FMLA leave since it occurred after her FMLA leave.

58. Plaintiff is entitled to equitable relief (including reinstatement and promotion), economic damages (including lost wages and benefits), liquidated damages, and interest.

59. In addition, Plaintiff will be also entitled to attorneys' fees, expert witness fees and other costs. 29 U.S.C. §2617(a)(3); 29 C.F.R. §400(c)

## COUNT V:
## WORKERS COMPENSATION RETALIATION PURSUANT TO 19 DEL. CODE §2365

60. Plaintiff hereby incorporates by reference all previous paragraphs as though set forth in full herein.

61. Plaintiff took or requested to Workers Compensation from Defendant on August 4, 2022.

62. Plaintiff was set to return to "light duty" as of November 28, 2022.

63. Plaintiff was instructed to not return to work until instructed by HR.

64. Plaintiff was terminated on December 28, 2022 under the pretext that she did not return a phone call to HR even though she spoke to HR on December 9, 2022

65. Plaintiff suffered an adverse employment decision when she was scrutinized and terminated by letter during her medical leave.

66. The adverse employment decision was causally related to her Workers Compensation.

67. Plaintiff is entitled to equitable relief (including reinstatement and promotion), economic damages (including lost wages and benefits), liquidated damages, and interest.

68. In addition, Plaintiff will be also entitled to attorneys' fees, expert witness fees and other costs. 29 U.S.C. §2617(a)(3); 29 C.F.R. §400(c)

**WHEREFORE**, Plaintiff requests this Honorable Court to enter a judgment in his favor and against the Defendant as follows:

a. Declare the conduct engaged in by the defendant be in violation of the plaintiff's statutory rights.

b. Award the plaintiff back pay compensation for his pecuniary losses from the date of the wrongful conduct described herein until the date of any judgment.

c. Award the plaintiff sufficient funds to compensate him for his losses, pain and mental suffering, which cannot otherwise be compensated by equitable relief.

  d. Award the plaintiff compensatory and punitive damages not otherwise specified.

  e. Award the plaintiff any and all other liquidated damages, which would make the plaintiff "whole".

  f. Award the plaintiff attorney fees, the costs of this action, pre-judgment and post judgment interest, and;

  g. Such other and further relief as this Court feels proper.

           **THE POLIQUIN FIRM LLC**

           <u>/s/ Ronald G. Poliquin</u>
           RONALD G. POLIQUIN, ESQUIRE
           Delaware Bar ID No. 4447
           1475 S. Governors Ave.
           Dover, DE  19904
           (302) 702-5501
           *Attorney for Plaintiff Patsy H. Bain*

           Dated: March 21, 2023